# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No. 1:19-cv-00260-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions in the Merced County Superior Court for murder and kidnapping. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

## I.

## BACKGROUND

On September 7, 2010, Petitioner was convicted by a jury in the Merced County Superior Court of murder and kidnapping. Petitioner was sentenced to an imprisonment term of life without the possibility of parole for the murder conviction and to life with the possibility of parole for the kidnapping conviction, plus ten years for a firearm enhancement. (ECF No. 1 at 1–2;[1] LD[2] 1 at 6). On May 2, 2012, the California Court of Appeal, Fifth Appellate District

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents electronically lodged by Respondent on April 23, 2019. (ECF No. 11).

1

affirmed the judgment. (LD 1). On August 8, 2012, the California Supreme Court denied the petition for review. (LD 2). Petitioner subsequently filed six state post-conviction petitions, which were all denied. (LDs 3–8).

Petitioner previously filed two federal petitions for writ of habeas corpus challenging his 2010 convictions in this Court. On June 25, 2013, Petitioner's first federal habeas petition was dismissed without prejudice for failure to exhaust state court remedies. Order, Valencia v. Gipson, No. 1:12-cv-01783-LJO-GSA (E.D. Cal. June 25, 2013), ECF No. 26. On January 5, 2015, Petitioner's subsequent federal habeas petition was dismissed without prejudice for failure to prosecute. Order, Valencia v. Gipson, No. 1:13-cv-01864-LJO-SMS (E.D. Cal. Jan. 5, 2015), ECF No. 25.[3]

On September 20, 2018,[4] Petitioner constructively filed an application to file a second or successive § 2254 petition in the Ninth Circuit. (ECF No. 1). As it was unnecessary for Petitioner to obtain prior authorization, the Ninth Circuit transferred the proposed § 2254 petition to this Court and directed that the petition shall be deemed filed in the district court on September 20, 2018. (ECF No. 2). On April 23, 2019, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 12). To date, Petitioner has not filed any opposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the

---

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

2

enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner's conviction became final on November 6, 2012, when the ninety-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Pursuant to § 2244(d)(1)(A), the one-year limitation period commenced running the following day, November 7, 2012, and absent tolling, was set to expire on November 6, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Although Petitioner filed federal

habeas petitions in 2012 and 2013, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

On August 13, 2013, Petitioner constructively filed his first state post-conviction petition in the California Supreme Court, which denied the petition on November 13, 2013. (LD 3). Like Respondent, (ECF No. 12 at 2), the Court assumes without deciding that the petition was properly filed and therefore tolled the limitation period. Petitioner's next state post-conviction petition was received by the Merced County Superior Court on April 14, 2017, three years and five months after the California Supreme Court denied Petitioner's first state habeas petition. (LD 4).

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Two hundred seventy-nine days elapsed between the date Petitioner's state conviction became final (November 6, 2012) and the date Petitioner constructively filed his first state post-conviction petition in the California Supreme Court (August 13, 2013). The Court assumes AEDPA's one-year clock stopped while Petitioner's first state habeas petition in the California Supreme Court was pending (August 13, 2013–November 13, 2013). The one-year limitation period therefore expired on February 7, 2014. Although Petitioner filed a subsequent state petition on April 14, 2017, and more petitions thereafter, § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, the instant federal habeas petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

///

Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED as untimely;

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 5, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE