1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| LUIS ALBERTO VALENCIA PINEDA, | Case No. 1:19-cv-00260-DAD-EPG-HC |
| Petitioner, | ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | |
| KATHLEEN ALLISON, | (ECF No. 22) |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has moved for appointment of counsel. (ECF No. 22).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because: there may be a need to seek discovery to demonstrate Petitioner's diligence in pursuing his rights, Petitioner is Spanish

speaking with no working knowledge of the law, and he cannot articulate his claims without confusion. (ECF No. 22 at 1–2).[1] Upon review of Petitioner's submissions in this proceeding, the Court finds that with the assistance of fellow inmates, Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. If, upon further review, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 18, 2019**          /s/ _Ervin P. Gross_
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.