# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA PINEDA,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>Respondent. | Case No. 1:19-cv-00260-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions in the Merced County Superior Court for murder and kidnapping. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

## I.

## BACKGROUND

On September 7, 2010, Petitioner was convicted by a jury in the Merced County Superior Court of murder and kidnapping. Petitioner was sentenced to an imprisonment term of life without the possibility of parole for the murder conviction and to life with the possibility of parole for the kidnapping conviction, plus ten years for a firearm enhancement. (ECF No. 1 at 1–

2;[1] LD[2] 1 at 6). On May 2, 2012, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 1). On August 8, 2012, the California Supreme Court denied Petitioner's petition for review. (LD 2). Petitioner subsequently filed six state post-conviction petitions, which were all denied. (LDs 3–8).

Petitioner previously filed two federal petitions for writ of habeas corpus challenging his 2010 convictions in this Court. On June 25, 2013, Petitioner's first federal habeas petition was dismissed without prejudice for failure to exhaust state court remedies. Order, Valencia v. Gipson, No. 1:12-cv-01783-LJO-GSA (E.D. Cal. June 25, 2013), ECF No. 26. On January 5, 2015, Petitioner's subsequent federal habeas petition was dismissed without prejudice for failure to prosecute. Order, Valencia v. Gipson, No. 1:13-cv-01864-LJO-SMS (E.D. Cal. Jan. 5, 2015), ECF No. 25.[3]

On September 20, 2018,[4] Petitioner constructively filed an application to file a second or successive § 2254 petition in the United States Court of Appeals for the Ninth Circuit. (ECF No. 1). As it was unnecessary for Petitioner to obtain prior authorization, the Ninth Circuit transferred the proposed § 2254 petition to this Court and directed that the petition be deemed filed in the district court on September 20, 2018. (ECF No. 2). On April 23, 2019, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 12). Petitioner did not file any opposition to the motion to dismiss.

On June 6, 2019, the undersigned issued findings and recommendation recommending that Respondent's motion to dismiss be granted and the petition be dismissed as untimely. (ECF No. 13). On November 22, 2019, Petitioner filed objections to the findings and recommendation,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "LD" refers to the documents electronically lodged by Respondent on April 23, 2019. (ECF No. 11).
[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").
[4] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

arguing that he is entitled to equitable tolling. (ECF No. 18). On December 2, 2019, Respondent filed a reply to the objections. (ECF No. 19). On December 3, 2019, the undersigned vacated the findings and recommendation, and Petitioner subsequently filed a response to Respondent's reply to the objections. (ECF Nos. 20, 26).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner's conviction became final on November 6, 2012, when the ninety-day period to file a petition for writ of *certiorari* in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Pursuant to § 2244(d)(1)(A), the one-year limitation period commenced running the following day, November 7, 2012, and absent tolling, was set to expire on November 6, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Although Petitioner filed federal habeas petitions in 2012 and 2013, the limitation period is not tolled during the pendency of a federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

On August 13, 2013, Petitioner constructively filed his first state post-conviction petition in the California Supreme Court, which denied the petition on November 13, 2013. (LD 3). Like Respondent, (ECF No. 12 at 2), the Court assumes without deciding that the petition was properly filed and therefore tolled the limitation period. Petitioner's next state post-conviction petition was received by the Merced County Superior Court on April 14, 2017, three years and five months after the California Supreme Court denied Petitioner's first state habeas petition. (LD 4).

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Two hundred seventy-nine days elapsed between the date Petitioner's state conviction became final (November 6, 2012) and the date Petitioner constructively filed his first state post-conviction petition in the California Supreme Court (August 13, 2013). The Court assumes AEDPA's one-year clock stopped while Petitioner's first state habeas petition in the California Supreme Court was pending (August 13, 2013–November 13, 2013). The one-year limitation period therefore expired on February 7, 2014. Although Petitioner filed a subsequent state petition on April 14, 2017, and more petitions thereafter,

4

§ 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, the instant federal habeas petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

The limitation period is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (citations and internal quotation marks omitted). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013. The Ninth Circuit has held that "diligence during the existence of an extraordinary circumstance is the key consideration." Gibbs v. Legrand, 767 F.3d 879, 892 (9th Cir. 2014). However, Petitioner's diligence before and after the extraordinary circumstance is "[a]lso relevant" and "may be illuminating." Id.

1. Failure of Counsel to Inform Petitioner of AEDPA Statute of Limitations

Petitioner argues that he is entitled to equitable tolling because he "was not adequately informed about the AEDPA statute of limitations and how to deal with it by his previously appointed appellate counsel." (ECF No. 18 at 2). First, the Court notes that it does not appear that Petitioner's previously appointed appellate counsel continued to represent Petitioner in any post-conviction collateral proceeding. Therefore, it is not clear that counsel had any duty to inform Petitioner of AEDPA's limitation period. Second, "[n]ot all attorney mistakes qualify as a

basis for equitable tolling." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015). "[R]un-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances. Mistakes of this sort, which amount to nothing more than 'garden variety' negligence, are deemed too routine and unremarkable to warrant equity's intervention." Id. (internal citations omitted). Only "acts or omissions that transcend garden variety negligence and enter the realm of 'professional misconduct' may give rise to extraordinary circumstances if the misconduct is sufficiently egregious." Id. (citing Holland, 560 U.S. at 651; Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003)). The Court finds that the failure of previously appointed appellate counsel to inform Petitioner of AEDPA's limitation period is not sufficiently egregious to constitute an extraordinary circumstance that warrants equitable tolling.

2. Lack of Access to Record

Petitioner argues that he is entitled to equitable tolling because he "is currently without a full record to adequately litigate his case." (ECF No. 18 at 8). In his declaration, Petitioner states that in 2014, the first inmate who assisted Petitioner with his case was transferred with Petitioner's paperwork. Petitioner took measures and received "some" of his paperwork and gave it to a second inmate who had promised to help Petitioner with his federal case. Subsequently, however, the second inmate transferred with Petitioner's paperwork. (ECF No. 26 at 12–13).

In Chaffer v. Prosper, 592 F.3d 1046 (9th Cir. 2010) (per curiam), the Ninth Circuit addressed whether a petitioner was entitled to equitable tolling for the time he gave his legal documents to another inmate who had been assisting the petitioner but was transferred.[5] The Ninth Circuit held:

> While denial of access to legal files may in some cases constitute "the type of external impediment for which we [grant] equitable tolling," *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009), Chaffer's allegations are insufficient. First, "he entrusted [his inmate law clerk] with his legal documents at his peril." *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000). Second, although he alleges that he lacked access to his files the entire time his inmate law clerk was working on his petition, he

---

[5] Chaffer alleged that the inmate law clerk who had assisted him in preparing his postconviction petitions was transferred to a new detention facility, and Chaffer needed a few days to relocate his files, which had been stored by the transferred inmate law clerk in the prison law library. Chaffer v. Prosper, 542 F.3d 662, 664 (9th Cir. 2008).

> "does not point to specific instances where he needed a particular document ... and could not have procured that particular document when needed." *Waldron–Ramsey*, 556 F.3d at 1013–14.

Chaffer, 592 F.3d at 1049. Similarly, here, Petitioner entrusted other inmates with his legal documents at his peril and does not point to specific instances where he needed a particular document and could not have procured that particular document when needed. Accordingly, the lack of access to the record does not constitute an extraordinary circumstance that warrants equitable tolling.[6]

### 3. Reliance on Jailhouse Lawyers

Petitioner argues that he is entitled to equitable tolling because he "must rely on sluggish or unproductive jail-house lawyers to present his claims to the court, as he has no working knowledge of the law." (ECF No. 18 at 8). Lack of legal sophistication and reliance on jailhouse lawyers do not constitute an extraordinary circumstance that warrants equitable tolling. See, e.g., Baker v. Cal. Dep't of Corr., 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance . . . are not extraordinary circumstances to warrant equitable tolling . . . ."); Chaffer, 592 F.3d at 1049 ("*[P]ro se* status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions" were "hardly extraordinary given the vicissitudes of prison life" and did not warrant equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

### 4. Lack of Notice of Prior Federal Petition's Dismissal

Petitioner argues that he is entitled to equitable tolling because he never received notice

---

[6] In support of his argument, Petitioner cites to Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), and Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). (ECF No. 18 at 8). Although these cases bear some similarities to the instant case, the Court finds that they are distinguishable. Lott concerned a petitioner who was temporarily transferred twice in order to facilitate necessary court appearances in an unrelated civil matter. The petitioner alleged that pursuant to prison policy and practice, during his transfers he was only allowed access to legal materials related to the civil proceedings for which he was being transferred and files related to his federal habeas petition were kept in storage. Lott, 304 F.3d at 921–22. Spitsyn involved an attorney who held onto the petitioner's legal file for the duration of the limitation period and more than two months beyond despite a request to return the file after representation had been terminated. Spitsyn, 345 F.3d at 798, 801. Petitioner voluntarily relinquishing control of his legal documents to another inmate is not analogous to a prison policy or practice of depriving access to legal materials while a petitioner is temporarily transferred for court proceedings or to an attorney refusing to return a legal file to a client.

7

of the Court's intention to *sua sponte* dismiss his prior federal petition, in violation of due process.[7] (ECF No. 18 at 6, 9; ECF No. 26 at 6). In support of this contention, Petitioner cites to Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981). (ECF No. 26 at 6). In Wong, the Ninth Circuit stated that "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for *failure to state a claim*, but the court must give notice of its sua sponte intention to *invoke Rule 12(b)(6)* and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'" Wong, 642 F.2d at 361–62 (emphasis added) (citations omitted). However, Petitioner's prior federal habeas petition was dismissed without prejudice for failure to prosecute pursuant to Local Rule 182(f). Order, Valencia, No. 1:13-cv-01864-LJO-SMS (E.D. Cal. Jan. 5, 2015). Accordingly, Wong is inapposite.

The Ninth Circuit has held "that 'a prisoner's lack of knowledge that the *state courts* have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (emphasis added) (quoting Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001)). Accord Fue v. Biter, 842 F.3d 650, 653 (9th Cir. 2016) ("We have previously held that a petitioner's lack of knowledge that his *state* habeas petition has been denied can constitute an extraordinary circumstance that prevents timely filing." (emphasis added)). Even assuming that a petitioner's lack of knowledge that his *federal* habeas petition was dismissed can constitute an extraordinary circumstance,[8] Petitioner has not demonstrated that he acted diligently in this matter.

---

[7] Petitioner also states that the Court "should reconsider addressing the merits of those claims" in the prior petition given the failure to provide notice of the dismissal. (ECF No. 18 at 6). Petitioner argues "the dismissal of petitioner's 2013 petition must be deemed void because he was not provided notice of the dismissal." (ECF No. 26 at 7). To the extent that Petitioner requests the Court to reconsider the dismissal of his prior federal habeas petition or requests relief from that judgment, Petitioner should file the appropriate motion in Valencia v. Gipson, No. 1:13-cv-01864-LJO-SMS.

[8] As noted above, Petitioner's previous federal habeas petition was dismissed for failure to prosecute. Multiple orders were returned to the Court as undeliverable because Petitioner's name and inmate number did not match. Although the Court was not required to do so, it consulted the California Department of Corrections and Rehabilitation's inmate locator service. Petitioner had provided the identification number associated with an inmate having a different name, and no inmate bearing Petitioner's name was listed on the Department's website. Order, Valencia, No. 1:13-cv-01864-LJO-SMS (E.D. Cal. Jan. 5, 2015). Therefore, it appears that it was Petitioner's failure to provide the Court with his proper name and matching inmate number that resulted in the failure to receive the Court's disposition.

1    In Fue v. Biter, the Ninth Circuit found that a petitioner acted with reasonable diligence when he waited fourteen months before contacting the California Supreme Court about the status of his case. 842 F.3d at 654. Similarly, in Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001), the Ninth Circuit noted that twenty-one months is "not an unusually long time to wait for a court's decision" in determining that the allegations demonstrated the petitioner was "reasonably diligent." Id. at 1224. In Petitioner's case, however, there is nothing on the docket in Valencia v. Gipson, No. 1:13-cv-01864-LJO-SMS, demonstrating that Petitioner contacted the Court to ascertain the status of his petition after he filed his objections to the findings and recommendation in November 2014.[9] Nearly four years later, in September 2018, Petitioner filed his application to file a second or successive § 2254 petition in the Ninth Circuit. Accordingly, the lack of notice of the dismissal of Petitioner's prior federal habeas petition does not warrant equitable tolling in light of Petitioner's failure to act with reasonable diligence in the matter.[10]

     5.   Lack of Spanish-Language Legal Materials and Translation Assistance

Finally, Petitioner argues that he is entitled to equitable tolling because the prison does not provide Spanish-language books or Spanish-speaking clerks to assist Petitioner in filing his pleadings. (ECF No. 18 at 7–8; ECF No. 26 at 5–6). The Ninth Circuit has recognized that a "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances." Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum,

---

[9] See note 3, *supra*.

[10] To explain why he did not contact the Court regarding his 2013 petition, Petitioner declares: "When I never received a ruling pertaining to the 2013 petition, the inmate who was working on my case told me 'not to worry,' these things take a while, often times more then [*sic*] a few years!!" (ECF No. 26 at 12). However, as set forth in section II(C)(3), *supra*, reliance on jailhouse lawyers does not constitute an extraordinary circumstance warranting equitable tolling. "[I]t is hardly extraordinary for another inmate – who is not a trained lawyer – to give erroneous legal advice or to make a legal misstep . . . as this is an all too common occurrence in prison life." Lindsey v. Darey, No. EDCV 17-956-BRO (GJS), 2017 WL 5198155, at *10 (C.D. Cal. Sept. 22, 2017). See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (concluding that "*pro se* status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions" were "hardly extraordinary given the vicissitudes of prison life" and did not warrant equitable tolling); Reyes-Carreon v. Williams, 399 F. App'x 226, 226 (9th Cir. 2010) (concluding that petitioner's "reli[ance] on incorrect advice from an 'assistant' in his prison law library" does not constitute an extraordinary circumstance justifying equitable tolling). Cf. Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that reliance on allegedly incompetent jailhouse lawyer did not constitute cause to excuse procedural default).

demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Id. at 1070. However, "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." Id.

Here, Petitioner makes no specific factual allegations regarding what action he took to procure legal materials in Spanish. Additionally, Petitioner does not demonstrate that *during the running of the AEDPA limitation period* Petitioner was unable to procure translation assistance from an inmate. As set forth in section II(B), *supra*, the limitation period commenced on November 7, 2012, stopped while Petitioner's first state habeas petition in the California Supreme Court was pending (August 13, 2013–November 13, 2013), and expired on February 7, 2014. Petitioner declares that "[his] filings, including [his] 2013 Federal Petition, [were] constructed and filed with the complete aid of another inmate." (ECF No. 26 at 12). Petitioner also declares that the first inmate who assisted Petitioner with his case was transferred in 2014 and a second inmate who had promised to help Petitioner also was subsequently transferred. (ECF No. 26 at 12–13).

Petitioner does not allege that he was unable to procure translation assistance in 2012 and 2013. Petitioner does not specify when in 2014 the inmates who were assisting Petitioner with his case were transferred. However, the docket in Valencia v. Gipson, No. 1:13-cv-01864-LJO-SMS, reflects that Petitioner filed a petition on November 18, 2013, status reports on February 10, 2014 and May 14, 2014, motions on June 16, 2014 and July 24, 2014, and a first amended petition on July 31, 2014.[11] Id., ECF Nos. 8, 11, 14, 16, 18. In light of Petitioner's declaration that "[his] filings, including [his] 2013 Federal Petition, [were] constructed and filed with the complete aid of another inmate," (ECF No. 26 at 12), the record indicates that Petitioner had access to translation assistance from November 2013 through July 2014.

Based on the foregoing, the Court finds that Petitioner has failed to demonstrate that "during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to

---

[11] See note 3, *supra*.

1 procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza, 449 F.3d at 1070. Accordingly, Petitioner is not entitled to equitable tolling on this ground.

**D. Evidentiary Hearing**

Petitioner requests that the Court hold an evidentiary hearing on his equitable tolling claims. (ECF No. 18 at 12). Although "further factual development may be required when a petitioner makes a good-faith allegation that tolling is warranted, depending on the sufficiency of the record that was before the district court," the Ninth Circuit has found "when the record 'is amply developed' and does not indicate [that equitable tolling is warranted], a district court need not hold evidentiary hearings to further develop the factual record . . . to evaluate the merits of an argument for equitable tolling." Orthel v. Yates, 795 F.3d 935, 940–41 (9th Cir. 2015). Accordingly, the Court finds that an evidentiary hearing is not warranted given that Petitioner's allegations and the record before the Court do not justify equitable tolling.

**E. Request for Appointment of Counsel**

Petitioner requests that the Court appoint counsel. (ECF No. 12 at 13). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Upon review of Petitioner's submissions in this proceeding, the Court finds that with the assistance of fellow inmates, Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is denied.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 12) be GRANTED and the petition for writ of habeas corpus be DISMISSED as untimely.

Further, the Court HEREBY ORDERS that Petitioner's request for appointment of counsel is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 13, 2020__  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE