UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO VALENCIA PINEDA,<br><br>            Petitioner,<br><br>      v.<br><br>KATHLEEN ALLISON,<br><br>            Respondent. | No.  1:19-cv-00260-DAD-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 28) |

Petitioner Luis Alberto Valencia Pineda is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 14, 2020, the assigned magistrate judge issued the pending findings and recommendations, recommending that the petition be dismissed as untimely.  (Doc. No. 28.) Specifically, the magistrate judge found that the instant petition was filed after the applicable one-year statute of limitations, and that petitioner had not shown that he is entitled to equitable tolling. (*Id.*)  On June 18, 2020, after requesting and receiving three extensions of time to file objections (Doc. Nos. 29–34), petitioner filed his objections to the pending findings and recommendation. (Doc. No. 35.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendation to be supported by the record and proper analysis.

In his objections, petitioner does not dispute that the instant petition was filed after the applicable one-year statute of limitations had expired.  Rather, he reiterates the same argument that the magistrate judge considered and rejected in issuing the pending findings and recommendations:  namely, that he is entitled to equitable tolling of the statute of limitations.  In this regard, petitioner contends that

> the lack of an adequate record, the lack of notice, having to rely on sluggish or unproductive jail-house lawyers, the prison law library's failure to provide Spanish language books or Spanish-speaking clerks to assist [him], prior Appellate Counsel's failure to inform [him] of the AEDPA Statute of limitation, and the fact the has no working knowledge of the law should be considered together.  That is the only way to lend a fair assessment of petitioner's equitable tolling claims.

(Doc. No. 35 at 5–6.)  Each of these arguments, however, were addressed and rejected by the magistrate judge, who found that:  (1) the alleged failure of petitioner's appellate counsel to inform him of the one-year statute of limitations, his lack of access to the record, and his reliance on jailhouse lawyers did not constitute extraordinary circumstances warranting equitable tolling of the applicable statute of limitations; and (2) petitioner failed to establish that he acted diligently in pursuing his habeas claims. (Doc. No. 28 at 5–10.)  Petitioner's objections therefore do not meaningfully dispute the magistrate judge's findings.[1]

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no

---

[1] In his objections, petitioner reiterates his requests for an evidentiary hearing with respect to whether he is entitled to equitable tolling and appointment of counsel. (Doc. No. 35 at 7.)  The magistrate judge correctly concluded that an evidentiary hearing is not warranted in this action and neither is the appointment of counsel. (*See* Doc. No. 28 at 11.)  Petitioner's renewed requests in these regards provide no new basis for the requests, and accordingly both requests will be denied for the same reasons articulated by the magistrate judge in the pending findings and recommendations.

absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendation issued on February 14, 2020 (Doc. No. 28) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 12) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**July 21, 2020**__       _____
                                    UNITED STATES DISTRICT JUDGE